UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JULIO TORAL, | ) | CASE NO. 4:08 CV 2170 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On September 10, 2008, pro se petitioner Julio Toral filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against the United States of America and "Joseph B. Ganja."[1] Mr. Toral, who is incarcerated at Northeast Ohio Correctional Center ( N.E.O.C.C.), asserts that his Sixth and Eighth Amendment rights under the Constitution are being violated. He seeks an order granting him 1200 days of sentencing credit and immediate release.

*Background*

Mr. Toral pleaded guilty in the United States District Court for New Jersey to

---

[1] This is an apparent reference to the warden at the Northeast Ohio Correctional Center, Joseph D. Gunja.

possession and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The court sentenced him on July 13, 2004 to a term of 75 months in prison.

Attached as Exhibit B to the petition is a copy of an internet article titled, "Jail Conditions Spur Federal Judge to Cut Inmate's Sentence." See http://www.phillyburbs.com/pb-dyn/articlePrint.cfm?id+1430941 (last visited Jan. 1, 2008). The article, dated October 27, 2007, addresses the recommendation of a federal public defender who believed his client deserved a sentence seven months below the federal guidelines because of the conditions at Passaic County Jail. The inmate had been housed at Passaic for seven months pending sentencing and sought seven months credit at sentencing. United States District Court Judge Katherine Hayden agreed, and reduced the inmate's sentence accordingly.

On January 28, 2008, Mr. Toral filed a motion pursuant to 18 U.S.C. §3582 in the District Court of New Jersey seeking a sentence reduction based on Judge Hayden's decision, as outlined in the article. He alleged that he, too, spent time in Passaic Jail and was entitled to 800 days credit towards his sentence. The court issued an order dated February 27, 2008, denying petitioner's request. Judge Wigenton held that Mr. Toral failed to satisfy any of the criteria necessary for § 3582 relief. Undeterred, petitioner submitted an inmate request form to his Case Manager at N.E.O.C.C. In his request, he sought 1200 days credit, "for (600) days I spent in the Passic [sic] Jail according to Honorable Judge Katharine Hayden of the United States District Court's ruling on October 27, 2007." (Pet.'s Ex. C.) The prison denied his request on August 25, 2008, noting that it was unable to give him credit on his sentence and that only a "federal judge can reduce your sentence." Id.

In his present petition, Mr. Toral again claims that he was housed at the Passaic

County Jail from October 27, 2003 through July 20, 2004, and February 15, 2006 through March 4, 2007. He states that the conditions were so bad they amounted to cruel and unusual punishment "in violation of his Eighth Amendment Constitutional Right for [800] days." (Pet. at 4)(brackets in original). It is his contention that he is entitled to "[1200] days based on Judge Katharine Hayden's Ruling October 27, 2007 for the curel [sic] and unusual punishment he suffers for (600) days at Passic [sic] County Jail in violation of his Sixth and Eighth Amendment Constitutional Civil Rights therein." (Pet. at 4-5)(brackets in original.) He notes that his scheduled release date is April 3, 2009, but if the court grants his requested relief he should be released immediately. Moreover, "the United States of America would be liable for the extra time he has spent in custody behind [sic] his expiration date." (Pet. at 5.)

*28 U.S.C. § 2241*

The Supreme Court has made it clear that "'federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254 [§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.'" Hodges v. Bell, No. 04-6167, 2006 WL 508043, at *3 (6th Cir. Mar. 2, 2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In Nelson v. Campbell, 541 U.S. 637 (2004), the Court reiterated this holding when it explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." Id., at 643; see also Muhammed, 540 U.S. at 750 ("Challenges to the validity of any confinement

3

or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

Mr. Toral's complaint is based on the assumption that he has already successfully established a violation of his civil rights. It is clear petitioner believes Judge Hayden's decision to apply sentencing credit in an unrelated case, regarding an unrelated defendant entitles him to a sentence reduction. It does not.

As a threshold matter, the case before Judge Hayden was presented at the sentencing stage. At that time the defendant's public defender offered support for Judge Hayden to grant a downward departure on his client's sentence. Mr. Toral is past the sentencing stage and his options are narrower.

If this were simply a case wherein Mr. Toral were requesting jail time credit under 18 U.S.C. § 3585(b),[2] the petitioner's options would be clear. Federal regulations afford prisoners administrative review of the computation of their credits, see 28 C.F.R. §§ 542.10-542.16; United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial

---

[2]Under 18 U.S.C. § 3585(b), a defendant generally must "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

review of these computations after exhausting their administrative remedies, see <u>United States v. Bayless</u>, 940 F.2d 300, 304- 305 (8th Cir. 1991).

This is not, however, a statutory jail-time credit request. Instead, this is a request for habeas relief based on a perceived violation of the Constitution. The fact that Judge Hayden determined that a sentence reduction was appropriate based on the conditions in which a prisoner before her was held, does not qualify as an edict entitling all prisoners housed at Passaic County Jail to habeas relief. If Mr. Toral believes that the conditions at Passaic Jail were so bad that he had a valid Eighth Amendment claim, his option would have been to file a civil rights complaint at that time. <u>See</u> <u>Nelson</u>, 541 U.S. at 643. There is no allegation or record of any complaint he filed during the time he was housed there. Without a successful judgment concluding that his Eighth Amendment rights were violated, Mr. Toral is not entitled to habeas relief from this court based on an unrelated case about which he read in the newspaper.

*Conclusion*

Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: November 24, 2008           *s/        James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE